UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TINSLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 24-cv-09427-AMO <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 20 |

Before the Court is the government's motion to dismiss the Petition filed by Scott Tinsley, and his stepfather, William Jeffrey Oliver, acting pro se, against the United States and the Social Security Administration ("SSA"). Having considered the papers filed by the parties, the relevant legal authority, and good cause appearing, the motion is **GRANTED WITH LEAVE TO AMEND.**

I.  **BACKGROUND**

Tinsley is a developmentally disabled adult who has been receiving Social Security benefits since he was 18 years old. Dkt. No. 1 ("Petition") at ¶ 2. A private company, Regional Center, that serves disabled individuals had been receiving Tinsley's Social Security check and paying his bills, including rent, from those funds as a representative payee. *Id.* ¶¶ 1, 2. At some point, due to an administrative hold, Social Security payments stopped, and the Regional Center stopped sending Tinsley's rent payments. *Id.* When the rent payments stopped, Tinsley's landlord evicted him.[1] *Id.* ¶¶ 2, 3. Tinsley is now living in a group home. *Id.* ¶ 12. That facility has not

---

[1] Though Tinsley purports to assert a cause of action for declaratory and injunctive relief against his former landlord, KCM Brentwood, the Court dismissed, without leave to amend, the allegations against that entity in a separate suit Tinsley brought in 2023. *See Tinsley v. KCM Brentwood, LLC*, No. 23-cv-00587-AMO, 2025 WL 107869 (N.D. Cal. Jan. 15, 2025). The docket in this current case indicates that Tinsley never served KCM Brentwood in this litigation, and as a result, KCM Brentwood is not a party to this case. For these reasons, the Court does not

received rent since April 2024. *Id.*

Tinsley alleges that the Regional Center had a duty to resolve the non-payment issue but never contacted him or the SSA to restore his benefits. *Id.* ¶ 2. Tinsley has made calls and sent letters to the SSA and has met with SSA personnel. *Id.* The SSA has "refused to do anything." *Id.* Tinsley is unsure about the correct amount of his Social Security benefits or the amount the Regional Center has kept. *Id.* ¶ 3. Regional Center "will not disclose anything . . . regarding the accounting ledgers they maintain and how they allocate money." *Id.* ¶ 14. Tinsley alleges that he is not receiving his deceased father's death benefit and that the Regional Center is not filing an annual report with the SSA, though it is required of representative payees. *Id.* ¶ 5.

Based on their dealings with the Regional Center and the SSA, Tinsley and Oliver, purportedly acting as Private Attorneys General and whistleblowers under the False Claims Act, and without the assistance of counsel, filed a petition for writ of mandamus against the United States and the SSA. Dkt. No. 1. In the Petition, they assert a cause of action for an accounting of Social Security funds against the SSA. *Id.* ¶¶ 20-21. They seek "corrective actions by the [SSA] to enforce the Social Security Act and regulations to ensure that Regional Center disburse[s] Scott Tinsley's [S]ocial Security disability funds in a manner that complies with federal law[,]" an order compelling the Regional Center "to supply an accounting of the use and disbursement of funds in accordance with laws and regulations in force," and an order compelling the SSA "to disburse rent money . . . on a consistent basis so that there are no gaps or delays in the payment of rent." *Id.* ¶ 24. They also seek "an investigation of the accounting records of Regional Center to determine whether or not the False Claims Act was violated by Regional Center and to determine the distribution of funds by Regional Center[,]" and "restoration of the full amount of Scott Tinsley's Social Security Payments," including his deceased father's benefits, "in accordance with Federal Law and for an accounting of the Social Security Funds in accordance with Federal law and

---

summarize the allegations Tinsley reasserts in this action against KCM Brentwood. Additionally, while the Regional Center is also not a party to this action, the Court summarizes the allegations that pertain to it only to the extent relevant to Tinsley's claims against the SSA. The Court does not, however, analyze the viability of any claims Petitioners purport to assert against the Regional Center, which, like KCM Brentwood, has not been served in this case and is therefore not a party.

2

1   regulations." *Id.* ¶¶ 25, 26.  They ask that a special master be appointed "for the purpose of

2   investigation and disclosure of the accounting records of Regional Center of the use and

3   disbursement of Scott Tinsley's Social Security Disability Funds by Regional Center[,]" and ask

4   for "court ordered supervision by Social Security so that there will be no more gaps in payments to

5   Scott Tinsley's group home for the rent or for Scott Tinsley's basic living expenses." *Id.* ¶¶ 19,

6   26.

7       On April 9, 2025, the government moved to dismiss the Petition.  Dkt. No. 20 ("Mot.").

8   Petitioners filed their opposition on April 24, 2025.  Dkt. No. 22 ("Opp.").  The government's

9   reply followed on May 9, 2025.  Dkt. No. 26 ("Reply").

## II.  DISCUSSION

    The government contends dismissal is appropriate because (1) mandamus jurisdiction is lacking, (2) to the extent the Petition should be construed as a complaint, the Court lacks subject matter jurisdiction based on sovereign immunity, and (3) to the extent the Petition purports to assert a cause of action, it fails to state a plausible claim for relief and is barred by collateral estoppel.  Mot. at 11-22.  Because the lack of mandamus jurisdiction would warrant dismissal, the Court begins its analysis there.

    "Mandamus is an extraordinary remedy which may be available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998) (citation omitted).  "Courts typically decline to exercise mandamus jurisdiction in matters involving Social Security benefits." *Turner v. O'Malley*, No. CV 24-5507-MRA(E), 2025 WL 923740, at *3 (C.D. Cal. Mar. 25, 2025) (citations omitted).

    Dismissal is appropriate here.  Even if Petitioners had satisfied the first two elements for mandamus relief, they do not meet the third.  To the extent Petitioners dispute whether Tinsley has received the appropriate amount of Social Security benefits, seek relief from a determination by the SSA as to Tinsley's entitlement to his deceased father's benefits, wish to appoint a new representative payee, or want the SSA to take some other action with respect to Tinsley's benefits,

3

such as ensuring regular timely payments or proper allocation of funds by the Regional Center, they must first avail themselves of the administrative scheme "culminating in review under 42 U.S.C. § 405(g)" which is "the exclusive avenue for . . . to present . . . claims." *Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir. 1986); *see also Laurie Q. v. Callahan*, 973 F. Supp. 925, 933 (N.D. Cal. 1997) ("[T]he Act provides plaintiffs with ample opportunity to appeal the representative payee designations[.]"); *Harris v. Acts Syrene Apartments*, No. 22-CV-00405-JCS, 2022 WL 767190, at *6 (N.D. Cal. Mar. 13, 2022) ("The Social Security Act and associated regulations establish administrative procedures for investigating claims related to payment of disability benefits and providing claimants an opportunity to be heard.") (citations omitted); 20 C.F.R. § 416.641 ("A representative payee who misuses your benefits is responsible for paying back misused benefits. [The SSA] will make every reasonable effort to obtain restitution of misused benefits so that we can repay these benefits to you.").

Here, the allegations that Petitioners made calls and sent letters to the SSA and met with personnel, Compl. ¶ 2, do not satisfy the exhaustion requirement.[2] Petitioners make no allegations that they have presented a claim to the SSA, that they have appealed any initial determination by the SSA, or that they have pursued review under any of the SSA's processes for any of the issues raised in the Petition. At best, Petitioners' allegations indicate an effort to resolve issues with the SSA informally, but that is insufficient to demonstrate that the SSA's procedures cannot provide Petitioners the relief they seek in this action. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (finding that Social Security claimants had failed to meet the third requirement for mandamus relief because "administrative review could correct the individual errors alleged"); *Laurie Q.*, 973 F. Supp. at 933 (declining to exercise mandamus jurisdiction where plaintiffs, by making no attempt to appeal the SSA's representative payee designations, had not exhausted all other avenues of relief); *Harris*, 2022 WL 767190, at *6 (finding allegations that failure to receive

---

[2] And because Petitioners have failed to demonstrate exhaustion, to the extent the Petition is based on alleged due process violations by the SSA, it is not viable. *See Kildare*, 325 F.3d at 1086 ("Appellants have not been deprived of procedural due process until they have exhausted their administrative remedies, because only then can we determine whether Appellants were deprived of adequate process.").

4

benefits due to debit card issues and possible incorrect instructions from SSA employees were insufficient to show that the plaintiff would "be unable to obtain relief through the administrative procedures established by the [SSA]").

Because Petitioners have failed to demonstrate exhaustion of administrative remedies, the Court addresses whether they have established that a waiver of that requirement is warranted. "Waiver is proper if the claim to be reviewed is (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989) (internal quotations and citations omitted).

Assuming, without deciding, that Petitioners satisfy the first two requirements for waiver, they have failed to show futility. A claimant can demonstrate futility by showing that "[r]equiring him to exhaust administrative remedies would not serve the policies underlying exhaustion." *Briggs*, 886 F.2d at 1140 (internal quotations and citation omitted; modification in original). That is not the case here. "[T]he exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources. The agency will correct its own errors through administrative review." *Kildare*, 325 F.3d at 1083-84 (internal quotations and citation omitted). With this in mind, the assertions in Petitioners' Opposition that this is an exigent circumstance, that it is "nearly impossible" to change to a new representative payee once one has been appointed, and that the SSA has "refused to do anything about the issues described in th[e] Petition," Opp. at 7, 10, 18," do not entitle Petitioners to bypass the SSA's procedures.[3] Rather, Petitioners grievances – whether the amount of Tinsley's benefits are correct, whether those amounts have been allocated to their designated purposes (and in what amounts), and whether the current representative payee

---

[3] For this reason, Petitioners' contention that Section 405(g) provides an independent basis for jurisdiction fails. Social Security claims "may be heard in district court only pursuant to the judicial review provisions included in the Social Security Act itself and after the plaintiff has exhausted all available administrative remedies" and presented the claim to the Secretary. *Doe v. Astrue*, No. C 09-00980 MHP, 2009 WL 2566720, at *4, *8 (N.D. Cal. Aug. 18, 2009).

should be replaced because it is stealing Tinsley's benefits, are all questions that require the extensive factual development and investigation that the SSA's administrative procedures are intended to facilitate. Exhaustion under these circumstances is thus not futile. *See Kildare*, 325 F.3d at 1084 (finding that administrative review was not futile where the plaintiffs alleged that defendants "committed a host of individual errors in their cases by disregarding the regulations[,]" which could only be assessed "in the context of individual disability proceedings and require[d] development of individual factual records"); *cf. Briggs*, 886 F.2d at 1140 (finding futility where the Secretary made no showing that "a detailed record might assist a court in determining the merits of appellants' straightforward statutory and constitutional challenge"); *Doe*, 2009 WL 2566720, at *7 (finding exhaustion would be futile where the plaintiff asserted constitutional claims that were severable from his benefits appeal and "a more detailed factual record concerning plaintiff's individual circumstances [wa]s likely to do little to cast any additional light on either the Constitution or on Congress's intent in the Rehabilitation Act").

Because Petitioners have not exhausted their administrative remedies or shown that a waiver from such requirements is warranted, this Court lacks mandamus jurisdiction over Petitioners' dispute with the SSA[4] and dismissal is thus appropriate. Having concluded that dismissal is appropriate because the Court lacks mandamus jurisdiction, the Court does not reach the government's remaining arguments regarding dismissal.

### III. CONCLUSION

For the reasons set forth above, the government's motion to dismiss is **GRANTED**. However, the Court will allow Petitioners to file an amended pleading. To aid in the preparation of that document, the Court encourages Petitioners to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available

---

[4] The Court also lacks mandamus jurisdiction to the extent Petitioners seek an order compelling the Regional Center, a non-party, to take certain actions. *See Zoellner v. City of Arcata*, No. 3:18-CV-04471-JSC, 2024 WL 4700633, at *4 (N.D. Cal. Nov. 5, 2024) ("Applying 28 U.S.C. § 1361, district courts have construed this to mean they may not issue a writ a mandate against non-federal persons.").

online at the Court's website < https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses >.  To ensure Petitioners have a meaningful opportunity to pursue this free assistance, the Court will set an extended deadline of February 27, 2026 for Petitioners to file an amended pleading.  Should Petitioners fail to file an amended pleading by that date, the Court will dismiss this action without further notice.

**IT IS SO ORDERED.**

Dated: January 6, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**