UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT TINSLEY, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 24-cv-09427-AMO

**ORDER DENYING MOTION FOR EXTENSION OF TIME AND DISMISSING CASE WITHOUT PREJUDICE**

On January 6, 2026, the Court granted the government's motion to dismiss the petition filed by Petitioners Scott Tinsley, and his stepfather, William Jeffrey Oliver, acting pro se, against the United States and the Social Security Administration ("SSA"). Dkt. No. 28 ("Order"). The Order explained that Petitioners had failed to demonstrate that they exhausted administrative remedies or that waiver of those requirements was warranted, and as a result, the Court lacked mandamus jurisdiction over the action. *Id.* at 6. The Court granted leave to amend and set an extended deadline of February 27, 2026 so that Petitioners would have an opportunity to pursue free assistance from the Federal Pro Bono Project to aid in the preparation of Petitioners' amended pleading. *Id.* at 7. The Court warned that if no amended pleading was filed by the deadline, the Court would dismiss this action without further notice. *Id.*

No amended pleading was filed by the extended deadline set by the Court. Instead, on February 20, 2026, Petitioners asked for a 6-month extension of that deadline because "the Commissioner of Social Security takes longer to respond to an administrative process than [they] anticipated, and [they] need to extend the time to await the response from the SSA Commissioner." Dkt. No. 31 ("Mot.") at 1. Petitioners "are in the process of resolving this matter through the Commissioner of Social Security." *Id.* at 10. They "anticipate that it will take longer

than the time provided in the previous court order." *Id.* They "believe it could take as long as six months to resolve this matter through the Commissioner of Social Security." *Id.* They assert "[t]he extra time is required to allow the Commissioner of Social Security to conduct an investigation and to resolve this matter administratively if possible." *Id.* at 11.

As the government points out in its opposition to Petitioners' request, the motion for extension "merely confirms that Petitioners have not exhausted administrative remedies and mandamus jurisdiction still does not lie." Dkt. No. 34 ("Opp.") at 3. The government, however, "do[es] not object to [a] dismissal being without prejudice to file a new petition, if necessary, after the administrative process has been completed." *Id.* at 4.

Accordingly, because Petitioners did not file an amended petition by the deadline set by the Court, and their motion for extension of time demonstrates that dismissal is proper due to Petitioners' failure to exhaust administrative remedies, this action is hereby **DISMISSED WITHOUT PREJUDICE** to the filing of a new petition once proceedings before the SSA have concluded. The motion for extension of time is **DENIED**.

The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: March 11, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California